This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, James R. Farrabee, has appealed from his convictions by the Wayne County Municipal Court for drug possession and possession of drug paraphernalia. This Court affirms.
Farrabee was charged with one count of failure to yield, in violation of R.C. 4511.43, one count of drug possession, in violation of R.C.2925.11(A), and one count of possession of drug paraphernalia, in violation of R.C. 2925.14(C). Farrabee pled not guilty and the matter was tried to the bench. The trial court found Farrabee guilty on all counts and sentenced him accordingly. Farrabee timely appealed and has raised two assignments of error for review. Farrabee's assignments of error shall be addressed concurrently as they raise similar issues of law and fact.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THE DEFENDANT GUILTY OF POSSESSION OF DRUGS, A VIOLATION OF [R.C.] 2925.11(A), WHEN THE COURT FAILED TO FIND, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT KNOWINGLY POSSESSED MARIJUANA.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY FINDING THE DEFENDANT GUILTY OF POSSESSION OF DRUG PARAPHERNALIA, A VIOLATION OF [R.C.] 2925.14(C), WHEN THE COURT FAILED TO FIND, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT KNOWINGLY USED, OR POSSESSED WITH THE PURPOSE TO USE, DRUG PARAPHERNALIA.
In his assignments of error, Farrabee has argued that his convictions for drug possession and possession of drug paraphernalia were insufficient as a matter of law and thus, the trial court erred in finding him guilty on both counts. Specifically, Farrabee asserts that the state failed to prove the "knowing" element of each offense. We disagree.
The Supreme Court of Ohio articulated the following standard of review to determine the sufficiency of the evidence in the case of a conviction:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Thompkins, 78 Ohio St.3d 380, 386; State v.Feliciano (1996), 115 Ohio App.3d 646, 652-53.
R.C. 2925.11(A)[1] states: "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.14(C)(1) provides: "No person shall knowingly use, or possess with purpose to use, drug paraphernalia."
Farrabee was driving his employer's truck, and Beau Yarnell, one of Farrabee's co-workers, was riding in the passenger seat, when Farrabee was pulled over by an Ohio State Trooper for failing to yield. The officer approached the passenger side of the vehicle and immediately detected the odor of burnt marijuana coming from the cab of the truck. The officer testified that Farrabee told him that he smoked the marijuana and that he had flipped the cigarette out the window when he saw he was being pulled over. Farrabee and Yarnell exited the vehicle. Farrabee was placed in the back of the police car, and the officer conducted a protective search of the vehicle. The officer found burnt marijuana cigarettes under the driver's seat, in the ashtray, and in the center console. Rolling papers were also found in the center console. The officer further testified that after he found the marijuana and rolling papers, he again confronted Farrabee.
Farrabee admitted to the officer that he was aware of everything and said that he took responsibility for the truck and the situation, but that he did not know anything was in the console. Farrabee testified that he did not tell the officer that he had been smoking marijuana that day, but that he did tell the officer that he would take responsibility for the situation.
This Court concludes that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of drug possession and possession of drug paraphernalia proven beyond a reasonable doubt. The trial court was free to believe all, part, or none of the testimony of each witness. See Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus; Statev. Jackson (1993), 86 Ohio App.3d 29, 33.
Farrabee's assignments of error are without merit and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., SLABY, J. CONCUR
[1] Farrabee was charged under the former R.C. 2925.11. The statute was amended and became effective March 23, 2000.